IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BILL LIETZKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.2:16-cv-949-WKW-TFM |
| | ) | |
| CITY OF MONTGOMERY and KEVIN MURPHY | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| BILL LIETZKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.2:16-cv-950-WKW-TFM |
| | ) | |
| CITY OF MONTGOMERY and KEVIN MURPHY | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTSRATE JUDGE**

This 42 U.S.C. § 1983 action was filed in the District Court of New Mexico on November 28, 2016. It was transferred to the Middle District on November 29, 2017 (Doc 4) and was docketed as Complaint, 2:16-cv-950-WKW-TFM (Doc. 1). Thereafter on December 5, 2016, Plaintiff filed another Complaint in this Court. (Doc. 1, Complaint, 2:16-cv-949-WKW-TFM.) The Court consolidated these actions and designated *Leitzke v.*

1

*City of Montgomery et al,* 2:16-cv-949-WKW-TFM as the lead case. (Doc. 8). In his Complaint, Plaintiff alleges that he was wrongfully detained by the City of Montgomery based on a "false report that the Plaintiff was 'running in and out of traffic' and/or 'running in the middle of the lanes.'" (Doc. 1 p.1). On February 6, 2017, the Court entered an Order noting "several deficiencies in the complaint" and "giving Plaintiff one final opportunity to amend his complaint." (Doc. 9 at pp. 1-2). The Order also specifically stated as follows:

> **The Plaintiff is specifically cautioned that if he fails to respond to this order, the Magistrate Judge will recommend that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).**

(Doc. 9 at p.2). Plaintiff has failed to respond to the Court's Order. The Court, therefore, concludes that this case should be dismissed.

The Court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action. Indeed, the Court concludes that Plaintiff's failure to comply with the prior Orders of this Court requiring a response (Doc. 9), especially considering the cautionary language contained in that Order, warrants dismissal of this action. *Moon v. Newsome,* 863 F. 2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's order directing amendment and warning of consequences for failure to comply.)

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.  It is further ORDERED that the Plaintiff file any objections to this Recommendation on or before **April 26, 2017.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 12th day of April, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE